IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JACKI MAHDEE X BLUE,**
**ADC #71875**                                                                                            **PLAINTIFF**

**V.**                          **CASE NO. 4:20-CV-837-BRW-BD**

**JOE PAGE,** *et al***.**                                                                               **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Billy Roy Wilson. Mr. Blue may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. If he does not file objections, Mr. Blue may waive the right to appeal questions of fact.

**II.   Discussion:**

Jackie Mahdee X Blue, an Arkansas Department of Correction inmate, filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 2) In his complaint, Mr. Blue explains that, on June 18, 2020, ADC officials were notified that an investigation of allegations made against Mr. Blue were found to be without merit. He complains that ADC officials improperly waited fourteen days to tell him the results of the investigation.

As a result of the delay, Mr. Blue claims: he was housed in punitive segregation for 14 days without cause; he lost his "status" and his job assignment; and he was transferred without cause.

Federal courts must review prisoner complaints that name government entities, officers, or employees as defendants before ordering service of process. 28 U.S.C. § 1915A(a). The Court has reviewed Mr. Blue's complaint. Even reading the complaint liberally and assuming all allegations to be true, Mr. Blue has not stated a federal claim for relief.

Under current law, prisoners have a right to procedural due process only if there is a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). A prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or from actions that "inevitably affect the duration of [a prisoner's] sentence." *Sandin*, 515 U.S. at 487.

Here, the punishment that Mr. Blue received is not severe enough to trigger his liberty interests. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) and *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation is not an atypical and significant hardship); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam) (prisoners have no

constitutional right to a particular prison job); and *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (prisoners have no liberty interest in being housed in or transferred to a particular prison unit).

## III.  Conclusion:

The Court recommends that Judge Wilson DISMISS Mr. Blue's claims, without prejudice, for failure to state a federal claim for relief. The Court further recommends that this dismissal count as a "strike" for purposes 28 U.S.C. § 1915(g) and that Judge Wilson certify that an *in forma pauperis* appeal would be frivolous and would not be taken in good faith.

DATED this 15th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE